# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION



07 MAY 17 PM 3: 06

MICHAEL B. CHAFIN
2525 Hardy Parkway Street
Grove City, Ohio 43123,

      Plaintiff,

v.

E.A. LANGENFELD ASSOCIATES, LTD.
1471 Business Center Drive, Ste. 800
Mt. Prospect, Illinois 60056

      Defendant.

:

:

:

:

:

:

:

**2 : 0 7 CV 446**

CASE NO.

JUDGE JUDGE SARGUS

MAGISTRATE JUDGE

**MAGISTRATE JUDGE ABEL**

## COMPLAINT

NOW COMES Plaintiff Michael B. Chafin and proffers this Complaint for damages

against Defendant E.A. Langenfeld Associates, Ltd.

## THE PARTIES

1.   Plaintiff is a natural person residing in the State of Ohio.

**2.**   Defendant is a foreign entity not registered with the State of Ohio with employees

operating in the State of Ohio.

## JURISDICTION AND VENUE

3.   Counts I is brought pursuant to the laws of the United States, therefore the Court has

jurisdiction pursuant to 28 U.S.C. §1331.

4.   The Court has supplemental jurisdiction over Count II pursuant to 28 U.S.C. ¶1367.

5.   Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has

employees operating on its behalf in Franklin County, Ohio, and Plaintiff performed his work

for Defendant in Franklin County, Ohio.

## **FACTUAL BACKGROUND**

6.     Plaintiff was employed by Defendant as a Full Service Representative servicing Home

Depot stores in the Columbus, Ohio area from October 30, 2005, until his discharge on

March 14, 2007.

7.     In his job, Plaintiff took his work assignments, both regular and special assignments, from

Defendant's Mt. Prospect, Illinois, offices either by mail, or via a PDA (supplied by the

company) connected directly to that office.

8.     Plaintiff sent reports as to his activities, work performed, and hours spent doing particular

tasks, directly to Defendant's Illinois office via the company-supplied PDA.

9.     When he began work with Defendant in 2005, Plaintiff had a serious preexisting back

condition that had necessitated two separate surgeries in 2000 and 2003, and had left him

with chronic back pain and lifting limitations.

10.     Plaintiff made clear the extent and chronic nature of his back condition to his area

supervisor Brent Pohlman some months before Plaintiff was discharged.

11.     Plaintiff's chronic back problems began to flare up again in November of 2006.

12.     Plaintiff left work due to severe back pain on March 6, 2007 to attend a doctor's

appointment, and was put off of work for March 7 and 8, 2007 by his treating physician.

13.     Plaintiff was released to work by his treating physician on March 9, 2007 with physical

restrictions that allowed him to perform his regular duties.  Plaintiff faxed a copy of the

restrictions to Defendant's HR person in Illinois, Sally Carter..

14.     As of March 13, 2007, Plaintiff's treating physician limited Plaintiff to working a

reduced schedule of 4 hours per day (he normally worked 8 hours per day) for at least one

2

week. Plaintiff again faxed a copy of the restrictions to Carter in Illinois, and told her that he believed that the issue might take up to a month to resolve itself.

15. Upon reviewing the reduced schedule request, Carter told Plaintiff to go home and await word from her.

16. On March 14, 2007, Carter e-mailed Plaintiff a letter stating that Defendant "would not be able to accommodate your work restrictions" and explaining to Plaintiff that he was discharged.

17. Plaintiff had worked a minimum of 1,250 hours for Defendant in the twelve months leading up to March 13, 2007.

18. During the year 2006 and/or 2007, Defendant employed at least 50 persons that reported to, or performed work for Defendant within a 75-mile radius of, Defendant's Mt. Prospect, Illinois offices.

## COUNT I
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")
## 29 U.S.C. §2601 et seq.

19. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-18 above as if fully rewritten here.

20. Plaintiff is an "eligible employee" as defined by 29 U.S.C. §2611(2).

21. Defendant is an "employer" as defined by 29 U.S.C. §2611(4)(A).

22. Plaintiff suffered from a chronic serious health condition, his back condition.

23. Plaintiff's reduced schedule set forth in writing by his treating physician for the time period from March 13-19, 2007, as submitted to Defendant, was a proper request for FMLA reduced schedule leave.

3

24.    Defendant violated FMLA by discharging Plaintiff because of his need to work a reduced schedule due to his serious health condition.

25.    Defendant's acted without good faith and had no reasonable grounds to believe that it was not violating the FMLA.

26.    Defendant's violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. §2617(a), to monetary damages which include back pay and benefits, liquidated damages, and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $150,000.00.

WHEREFORE, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, liquidated damages, and attorneys fees and costs in an amount to be determined at trial, but in any event not less than $150,000.00.

Respectfully Submitted,

Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

Of Counsel:
Laren E. Knoll (0070594)
Nicholas E. Kennedy (0070310)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

4